JUSTIN DAY, Appellant,
*against*
WILLIAM SWEETSER, Appellee.

ACTION on the case for an escape.

General issue pleaded, and the pleadings closed to
the Court.

The plaintiff declared, That on the 23d of *Septem-
ber*, 1794, he purchased out a writ of attachment
against one *Josiah Farnum*, in which he declared
upon a promissory note made to him by *Farnum* for
the sum of 113 dols. 84 cts. and interest, which writ

In all civil
causes, where
there has been
a commitment
upon mesne
process, the
creditor must
be prepared to
charge the
debtor in exe-
cution within
15 days next
after the ren-
dering final
judgment a-
gainst him, or
he will lose his lien on the sheriff, as keeper of the prison, whether the debtor be *de
facto* a prisoner at the time final judgment is rendered, or not.

was made returnable to *Chittenden* County Court, *February* term, 1795.

That he delivered the writ to *Damon*, constable of *Hartland*, *Windsor* County, to serve and return; who, on the 6th day of *December*, 1794, served the same by arresting the body of *Farnum*, and committing him to *Windsor* County gaol, of which gaol the defendant, as sheriff of that County, was keeper in chief.

That he recovered judgment against *Farnum*, *Chittenden* County Court, *February* term, 1798, for 134 dols. 50 cts. damages, and 78 dols. 50 cts. costs of suit.

That he took out his writ of execution the 5th of *March*, 1798, and delivered it to a legal deputy of the sheriff of *Windsor* County, who on the 3d day of *April*, 1798, returned it *non est*, and then alleged an escape *on or about* the 15th day of *February*, 1798, with its usual consequence, loss of debt, &c.

There were two principal points made in this cause:

First. As the statute had provided, that a debtor committed on mesne process should be holden in gaol 15 days after the rendering final judgment, that he might be charged in execution by the creditor, whether, the fact being that the prisoner had escaped before the rendering final judgment, and not being recaptured and imprisoned at such time, the creditor is obliged to demand the body within the 15 days from the rendering the final judgment.

Secondly. Whether a general *non est* upon the execution is sufficient evidence of the escape without the return in such case, showing that the officer

holding the execution had demanded the body at the gaol.

Upon the first point, it was contended for the plaintiff, that the statute especially restricted the confinement of the debtor on mesne process to 15 days after the rendering final judgment to cases where the debtor shall be " in gaol at the term final judgment shall be rendered against him;" but if the prisoner has escaped before the term at which final judgment shall have been rendered against him, it cannot be necessary to demand the body within the 15 days.

Upon the second, that when the officer's bailiwick, as in the present case, comprehends the whole County, a return of *non est* by such officer that he could not find the debtor within it, must conclude that he has escaped from prison, especially as the sheriff's deputies may be supposed peculiarly conusant of what passes in the prison.

In reply to the observations upon the first point, it was said, that the expression in the statute, " shall be in gaol at the time final judgment shall be rendered against him," did not intend an actual confinement at such time, but that the debtor should be in gaol in contemplation of law, *id est*, have been committed on mesne process, and not legally discharged, and every such case was within the purview of the act, and the demand must be made within 15 days of the time of rendering final judgment.

In reply to what had been advanced upon the second point, it was said, that although a general *non est* made by the sheriff himself might show that the debtor was not in prison, as the sheriff is chief keeper

Day
v.
Sweetser.

of the prison, but *non constat* that a return of *non est* by a deputy sheriff would show that the prisoner had escaped, as the sheriff's deputies were not *ex officiis* deputy keepers of the prison, but generally one of them deputed and appointed for the purpose, who in fact may be deputy or under gaoler without being deputed as a deputy sheriff, and by the law the sheriff may keep the prison as gaoler himself.

A former sheriff is not liable for the escape of a prisoner during the shrievalty of his successor, though such prisoner was committed on mesne process, during his own continuance in office, *provided* he has regularly delivered over such prisoner to his successor.

*Curia.* On perusal of the files at our chambers, we noticed that the defendant *Sweetser* was not sheriff at the term of rendering the final judgment, nor ever after, he having gone out of office on the 1st *December*, 1796. A question may arise whether he could be answerable for the safe keeping of a prisoner within the County gaol after his commission had expired. Certainly he could not, if he had regularly delivered over such prisoner under the keys, to his successor in office. How this was, does not appear; but as the Court are with the defendant on the two points made, it will not be necessary to investigate this subject.

*Hasw.* edit. *Vermont* Stat. p. 280. passed *Oct.* 27, 1791.

The statute provides, " that when any person shall be attached upon mesne process, and shall be committed agreeably to this act, and shall be in gaol at the term final judgment shall be rendered against him, shall, unless the plaintiff in said action, within 15 days after rendering final judgment as aforesaid, charge him with execution, be discharged from confinement."

On the first point, the Court consider, that in all civil cases, where there has been a commitment upon mesne process, the creditor must be prepared to charge the debtor in execution within 15 days next

2

Day
v.
Sweetser.

after the rendering final judgment against him, or he will lose his lien on the sheriff as keeper of the gaol, whether the debtor be *de facto* a prisoner at the term at which final judgment shall be rendered, or not. If the debtor has been legally committed, and not legally discharged, he is, in contemplation of law, in the sheriff's custody within the prison.

Upon the second point, the Court consider that there is a distinction between a commitment upon a writ of execution, and a commitment upon mesne process. In the former case, the sheriff is at all events, excepting the prisoner is admitted to the liberties, and is legally discharged, to keep his prisoner in *salva et arcta custodia*, in order, as the books express it, " to compel him the more speedily to pay his debt, and make satisfaction to his creditor." But in case of imprisonment on mesne process, the sheriff is obliged to have his prisoner amenable within the prison to the creditor's execution, within the 15 days next after rendering the final judgment. If he does this, he is secure against an action for an escape. When an execution is delivered to any other officer than the sheriff himself, or to the gaoler, being a deputy sheriff, a general *non est* is not evidence sufficient to charge the sheriff with an escape ; for it is reasonable that there should be evidence of a demand of the debtor's body by such officer at the gaol,

The plaintiff now moved to enter a new suit, and had leave.

Plaintiff nonsuited.

*William C. Harrington,* for the plaintiff.
*Daniel Chipman,* for the defendant.

Day
v.
Sweetser.

*Note.* The several opinions of the Court in this cause were predicated on the construction of the act of the 27th of *November*, A. D. 1791, entitled, " an act relating to mesne processes;" which act was repealed on the revision of the statutes by the general repealing act of the 10th of *November*, 1797, with a saving clause as to all matters and things done during its existence. But it will be observed, that the section of the act of 1791, above quoted, is grafted into the judiciary act, passed *March* 2, 1797, and forms *verbatim et literatim* the 36th section of this act. How far the opinions of the Court above reported will apply to the section in its present connection with other sections of this act, and other statutes, must remain for future discussion.....*Reporter.*